UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SUSAN LUTZ** | **CIVIL ACTION** |
| **VERSUS** | **NO:   18-9631** |
| **HONORABLE SANDRA WILSON, PH.D.,** | **SECTION: "R" (4)** |
| In her official capacity as REGISTRAR OF VOTERS, ORLEANS PARISH, LOUISIANA | |

## ORDER

Plaintiff, **Susan Lutz**, appealed the denial of her **Motion for Leave to Proceed in forma Pauperis seeking a Recusal** (Rec. doc. 8) of the undersigned because her pauper application was Denied. (Rec. doc. 7)   The matter was referred to the undersigned for consideration. (Rec. doc. 9)

According to Ms. Lutz, she believes that the undersigned improperly denied her application because while she indicated she was paying a car loan, the Court should have assumed that her car had been repossessed which is why she did not list it as an asset.  She also believes that she should have received a deficient notice rather than a denial.  Because she believes that the undersigned did not comply with her perception of court policy, the undersigned judge cannot be fair and should be recused.

Lutz also complains that Rec. doc. 7, the denial of her applicationt was mailed by the Clerk's office to the wrong address, even though she filed a "notice of Correct Address.  Although not expressed, it appears that she blames the undersigned judge for the mailing mishap as well. As a result of these circumstances, Lutz believes that the undersigned is (1) biased  and (2) discriminatory.  Therefore, she contends that I should be recused.

Under 28 U.S. C. 455(a), a magistrate judge" shall disqualify herself in any proceeding in which her impartiality might reasonably be questioned.  Under the additional provisions of Section

455 (b)(1), a magistrate judge shall also disqualify herself "where she has a personal bias or prejudice concerning a party. The Court does not find any basis for its recusal.

As an initial matter, it is unclear why or how Ms. Lutz believe that the Court should have assumed she did not have possess a vehicle that she is paying a loan on. There is no indication in the record, that the vehicle was repossessed as distinct from the fact that she simply forgot to include it as an asset which is not an uncommon circumstance. Secondly, Lutz wrongly assumes that this judicial officer directs or mails the orders to claimants, a process which his handled by the Clerk of Court's office. Third, Ms. Lutz claims that the undersigned is biased towards her and discriminatory, but she fails to provide any facts that would support this conclusion. There is nothing unusual about reviewing a pauper application to assess that a person is truly a pauper and part of the consideration is the completeness of the application. Fourth, the court's deficiency practice is an administrative task handled by the Clerk of Court's office not a judicial officer.

For the foregoing reasons, the Court finds no grounds for its recusal from these proceedings. There is no suggestion from that the record that would cause a reasonable person to question the Court's impartiality or to believe that any such personal bias or prejudice exists. Accordingly,

**IT IS ORDERED THAT** Lutz's Ex Parte Motion for Recusal (Rec. doc. 8) is **DENIED**.

New Orleans, Louisiana, this 21th day of December 2018.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**